Zhu v. Holder

BIA
Zagzoug, IJ
A099 488 506

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
>        RALPH K. WINTER,
>        GUIDO CALABRESI,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

ZAI CHENG ZHU,
>        *Petitioner,*

>        v.                                    12-3142
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zai Cheng Zhu, a native and citizen of China, seeks review of a July 20, 2012, decision of the BIA affirming a January 18, 2011, decision of Immigration Judge ("IJ") Randa Zagzoug, denying Zhu's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zai Cheng Zhu*, No. A099 488 506 (B.I.A. July 20, 2012), *aff'g* No. A099 488 506 (Immig. Ct. N.Y. City July 20, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because, in his brief, Zhu explicitly abandons any challenge to the denial of asylum and CAT relief, the only issue before the Court is the agency's denial of withholding

of removal.  Zhu argues that he is entitled to withholding of removal based on his "other resistance" to China's family planning policy.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007).  However, because the Government correctly asserts that Zhu failed to exhaust this argument before the BIA, we will not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118–20 (2d Cir.2007).  Notably, Zhu does not address his failure to exhaust this issue or suggest any reason that the Court should review his arguments, despite having not raised them before the BIA.

Zhu's other asserted grounds for withholding of removal – his opposition to corruption in China and his political activities in the United States – were raised in his appeal to the BIA.  The Government correctly argues, however, that, before the BIA, Zhu contended only that he had met his burden of proof, but did not challenge the IJ's findings that his testimony was not credible and that he had failed to provide corroborating evidence.  Therefore, we will not consider Zhu's challenges to these findings.  *See id.*

As the determinations that Zhu was not credible and had failed to provide corroborating evidence were dispositive of

3

his claim for withholding of removal, *see Chuilu Liu v. Holder*, 575 F.3d 193, 195 n.5 (2009) (noting that "a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof"); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (finding that "where a withholding claim is based on the very fact, or set of facts, that the IJ found not to be credible . . . an adverse credibility ruling will . . . preclude the withholding claim"), and we "must decline to consider" these unexhausted issues, *Lin Zhong*, 480 F.3d at 107 n.1, the petition for review is denied. *See Balachova v. Mukasey*, 547 F.3d 374, 380 (2d Cir. 2008) (granting Government's motion to dismiss petition for review where the petitioner did not exhaust challenge to adverse credibility determination that was dispositive of all claims).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk